UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16cv20509

GABLES INSURANCE RECOVERY, INC.,
a/a/o AR, a minor by and through insureds
Evelio Ruiz & Patricia Ruiz,

Plaintiff,

v.

UNITED PARCEL SERVICES, INC., a foreign
corporation; VALUEOPTIONS, INC. a foreign
corporation,

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiff, GABLES INSURANCE RECOVERY, INC. (hereinafter referred to as the "Plaintiff") by and through their undersigned counsel, brings this action against Defendants Value Options, Inc. (Hereinafter referred to as "Value") and United Parcel Services, Inc. (Hereinafter referred to as "UPS") collectively the "Defendants" and in support thereof states as follows:

**INTRODUCTION**

1. This action seeks recovery of covered benefits from the Defendants relating to mental health services and directly related treatments. Defendants have failed to pay over $70,000.00 in properly submitted and covered claims without any legitimate basis for their denial.

2. Plaintiff brings this action, in part, against Defendants under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiffs also bring this action under Florida law to the extent some of the services provided relating to the patient at issue, are not subject to ERISA. Despite requests, the Defendants have failed to provide the policies of insurance, plan documents (summary plan documents or endorsements and/or amendments and/or certificates of coverage) so this determination can be made. Notwithstanding, the basic claims are identical and are for recovery of payments due for services rendered.

3. The damages sought are the value paid to a health care provider or facility who has rendered medically necessary mental health treatment to a covered individual under the applicable insurance plan. These services are available to the Defendants' insureds who have submitted claims for the issuance of benefits under the terms and conditions of the applicable insureds' health care plan(s) ("UPS Retired Employees' Health Care Plan").

4. The plan subject of this action and at issue was provided through UPS; a private employer. It was issued to the insureds and identified as Group Number UPS436. Upon information and belief; Defendant Value is a third party claims administrator which helps in the administration of the plan for the employer. UPS plan is believed to be the subject insurance plan and benefits are made available as a condition of employment (*present or past*) to employees who are plan participants and beneficiaries. As a result, it is governed by ERISA, which establishes strict rules and procedures with which, UPS, Value, or any other entity that administers ERISA plans, must comply. Among other things, ERISA sets forth specific steps that must be followed when an administrator such as Value makes an "adverse benefit determination" by denying or reducing benefits, including providing (*or not providing*) a "full and fair review"

of the decision. This requirement is designed to establish an administrative record relating to any decision denying or reducing benefits so that it can be effectively challenged in court, with the court having a valid basis for reviewing the decision. As detailed herein, the Defendants have violated ERISA by, their failure to timely process claims, making adverse benefit determinations without complying with ERISA'S requirements and/or making adverse benefit determinations in an arbitrary and capricious manner.

5. In addition, UPS and the designated claims administrator and agent, Value, also engaged in improper actions, including a denial of benefits by the application of flawed, manipulated and undisclosed policies designed to discourage and limit the provision of health care services, as described herein. In so doing, the Defendants UPS and Value have similarly violated ERISA.

6. To the extent that the subject plan at issue is otherwise not governed by ERISA, these plans are subject to the provisions of Florida law; Defendants' actions to delay payment are a violation of Florida Statues and common law as provided in more detail below.

## JURISDICTION AND VENUE AND PARTIES

7. Defendants' actions in administering the employer-sponsored health care plans at issue, including determining reimbursements for health care services to the Defendants' insureds pursuant to the terms and conditions of the health care plan, are governed by ERISA, 29 U.S.C. § 1001, *et seq.* Plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 1132(c) (ERISA).

8. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims for Breach of Contract, Breach of Implied Contract, and Violation of Section 627.6131.

9. Venue is appropriate in this District for Plaintiff's claims under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(c)(2) because Plaintiff operates here, in Miami-Dade County and material portions of the Defendants' improper conduct, either occurred here or were directed to the Plaintiff, in Miami-Dade County. Additionally, all of the Defendants are authorized to do business here, either directly or through wholly owned and controlled subsidiaries.

10. Plaintiff, Gables Insurance Recovery, Inc. ("GIR") is a Florida corporation located in Miami-Dade County, Florida.

11. GIR is the successor in interest to the insureds and has received an assignment of benefits from the insureds for amounts that have been advanced by the insureds for mental health services that were provided to the insureds' minor son AR. This assignment confers derivative standing to assert the claims set forth herein. In the case at bar, based on the Defendants' conduct, the insureds were compelled to advance the costs for the health care services, due to the Defendants' denial of services as "not covered" and their refusal to pay the health care provider rendering the health care services. The insureds sought reimbursement from the Defendants for the subject services and the Defendants refused. Pursuant to the referenced assignment labeled and attached hereto as Exhibit "A" the Plaintiff has standing under ERISA.

14. The services at issue were initiated and provided from 2-24-14 through 7-2-14.

15. The medical services rendered to the patient/insured were reasonable, related to a covered health condition and were medically necessary.

16. The medical services provided under the plan were either expressly covered under the plan benefits and/or were not specifically excluded.

## GENERAL ALLEGATIONS AND FACTS COMMON TO ALL CAUSES OF ACTION

17. UPS (including Value acting in its own name) has improperly denied coverage for services provided to the insureds, Plaintiff's predecessor in interest, in violation of ERISA, and, as to certain Claims not subject to ERISA, state law.

18. Due to the manner in which Defendants function, with respect to the Plan at issue, they are all functional ERISA fiduciaries and, as such, must comply with fiduciary standards. Moreover, in making coverage determinations relating to their insureds, the Defendants must comply with the terms and conditions of the applicable health care plan, acceptable health care practices and standards, certificates of coverage, and/or applicable insurance policies, and otherwise must comply with ERISA and its underlying regulations.

19. Since 9-23-13 through 7-2-14, the insureds sought mental health treatment and other related services for their minor son, AR. The health care provider which provided said services; Capstone Treatment Center provided mental health care treatment. The health care services at issue were provided to the patient/insured under the Plan and the insureds and/or the medical provider timely submitted all such claims, as directed, for payment to UPS and Value. All claims were submitted for payment in compliance with ERISA, and Section 627.6131, Florida Statutes as well as the Plan at issue as referenced herein.

20. UPS and VALUE have delayed and failed to process and pay the bills comprising the claims submitted for the referenced health care treatment provided to the patient/insured in

accordance with ERISA, and Section 627.6131, Florida Statutes. Such failures include but are not limited to:

a. Failure to pay, deny, or provide UPS insureds or Capstone Treatment Center with notice that any claims were contested within 20 days of UPS and Value's receipt of the claims as required by Section 627.6131(4)(e), Florida Statutes.

b. Failure to pay or deny claims within 90 days of such receipt of the claims as required by Section 627.6131(41)(e), Florida Statutes.

21. The total value of the claim(s) submitted to UPS and Value are in excess of $70,000.00 (the "Claim(s)"). The Plaintiff is not in possession of the contract of insurance and/or certificates of coverage between UPS, Value and the insured(s) who have received the subject health care services, despite requests for the same submitted to UPS and Value by the Plaintiff, GIR. The health care claims from Capstone Treatment Center with supporting documentation were submitted to UPS and Value multiple times and are in their respective possession. Such Claims and supporting documents are not attached to this Complaint because they contain confidential patient information the disclosure of which is prohibited by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and are also voluminous.

22. With respect to the claim(s) at issue in this action, the insureds executed and delivered an Assignment of Benefits and other forms including Direction of Payment; Assignment of Cause of Action; Release of Information and Request for Information as well as a Designation of Authorized Representative to Appeal Benefits Determination. All such executed agreements have been previously submitted to UPS and Value and are in their respective possession. Redacted Copies of the executed forms are attached to this Complaint as Exhibit "A" due to the prohibitions of HIPAA.

23. The health care provider, Capstone Treatment Center provided medical services to the referenced insureds. At all times, Capstone was a non-contracted, non-participating provider and the insureds were entitled to reimbursement from UPS and/or Value for the services rendered as contemplated by the plan.

24. Prior to receipt of the medical services for the patient; the insureds understood that such services would be covered by and through the provisions of the Plan. The insureds requested, sought and pursued provision of the referenced medical services in reliance upon the Plan. The insureds reasonably relied upon the representations of such coverage under the Plan.

25. UPS and Value failed to pay the Claims submitted by the insureds and failed to timely provide notice of denial or need for further information or documentation. The insureds and/or the medical provider provided all of the relevant information and documentation warranting coverage for the treatment rendered to the patient/insured. In spite of this, the Defendants still refused and failed to pay the Claims. Despite the insureds' repeated provision of all information required or requested, and diligent pursuit of the appeals process, Defendants continued to attempt to develop additional unsupported reasons and rationales to further delay or to deny payment, all without basis.

26. All conditions precedent to this action have occurred, have been performed, or have been waived.

27. The Plaintiff has incurred and shall continue to incur reasonable attorney fees and costs to represent itself in this action and seeks a reasonable attorney fees for services rendered herein.

**ERISA VIOLATIONS**

28. Due to the role Defendants played in administering the plan that provided the health care benefits to the patient subject of this action; whose claims were subsequently denied payment, including making coverage and benefit decisions and deciding appeals, Defendants acted as a fiduciaries under ERISA. Under ERISA, The Defendants, UPS and Value cannot deny coverage for such services unless the applicable health care plans or policies expressly include an exclusion specifying that such services are not covered benefits.

29. Under ERISA, Defendants are required, among other things, to comply with the terms and conditions of their health care plans; to accord its insureds ("plan participants and beneficiaries") or their providers an opportunity to obtain a "full and fair review" of any denied or reduced reimbursements; and to make appropriate and non-misleading disclosures to the insureds or their provider(s). Such disclosures include accurately setting forth plan terms, explaining the specific, legitimate reasons why a claim is denied and the internal rules and evidence that underlie such determinations, disclosing the basis for its interpretation of plan terms, and providing appropriate data and documentation concerning their coverage decisions. Additionally, any rationale for denial of coverage must comply with accepted health care standards and principles.

30. In offering and administering their health care plans, Defendants further assume the role of "Plan Administrator," as that term is defined under ERISA, in that UPS and Value interpret and apply the plan terms, make all coverage decisions, and provide for payment to members and/or their providers. As the acting Plan Administrators, Defendants also assumed various obligations specified under ERISA. These obligations include providing their members; or their "assignees" (such as "GIR") with a Summary Plan Description ("SPD"), a document

designed to describe in layperson's language the material terms, conditions and limitations of the health care plans. The full details of the plans, which are summarized in the SPDs, are contained in the Evidence of Coverage ("EOC") that governs each member's health care plan.

31. Defendants are also obligated under ERISA to make their coverage determinations in a manner consistent with the disclosures contained in the SPD. To the extent there is a disparity or conflict between the SPD and the EOC, the SPD governs, so long as the member benefits from the application of the SPD. If the employer UPS, rather than Value, is deemed to be the Plan Administrator, all of the Defendants remain responsible for ensuring that the SPD complies with the law, under their duties as co-fiduciaries as provided in ERISA, 29 U.S.C. § 1105, even if the employer prepares or disseminates the SPD.

32. Defendants violated ERISA and breached their fiduciary duties by failing to disclose the reimbursement rules used to deny the claim(s) submissions at issue, by making benefit claim denials without proper disclosure or following required procedures, by seeking to impose new policies after-the-fact, by improperly excluding benefits, and by failing to fulfill their obligations of good faith, due care and loyalty.

33. Under **ERISA**:

> The term "adverse benefit determination" means any of the following: a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan, and including, with respect to group health plans, a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit resulting from the application of any utilization review, as well as a failure to cover an item or service for which benefits are otherwise provided because it is determined to be experimental or investigational or not medically necessary or appropriate.

See. 29 C.P.R. 2560.503-l (m) (4).

34. As the definition contained in 29 C.F.R. 2560.503-1 (m) (4) makes clear, Defendants' policies and procedures as applied to the claim(s) and treatment rendered by the medical provider Capstone resulted in "adverse benefit determinations" under ERISA. The withholding of payment by UPS and Value for the treatment(s) costs advanced by the insureds, were based on UPS and Value's determinations that the services at issue were not "covered," and deemed them not "medically necessary," despite unequivocal evidence that the patient would potentially harm third persons or himself. The Defendants' conduct also amounts to the withholding of authorized benefits, which constitutes a "reduction" in benefits or "a failure to provide or make payments (in whole or in part) for a benefit," thereby satisfying the requirement for an adverse benefit determination under ERISA.

35. ERISA further establishes what steps must be followed once an "adverse benefit determination" is reached, including the following:

> [T]he plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. The notification shall set forth, in a manner calculated to be understood by the claimant (i) The specific reason or reasons for the adverse determination; (ii) Reference to the specific plan provisions on which the determination is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

See 29 C.F.R. 2560.503-l (g).

36. In addition, ERISA requires that each claimant be given "a reasonable opportunity to appeal an adverse benefit determination" and to receive a "full and fair review of the claim," all within clear and explicit timing requirements. See 29 C.F.R. 2560.503-1 (h) (l).

37. Defendants failed and continue to fail to comply with the requirements of ERISA. The Defendants have made benefit determinations for prior claims, pursuant to which UPS and Value found that the exact or very similar health care services at issue were "covered benefits" under the subject Plan. In so doing, they have on other, unrelated occasions paid benefits to insureds and providers alike for the same type of health care treatment based on similar facts and circumstances involving mental health. The Defendants in this action have withheld payment, for the claims at issue, without a sustainable, legitimate explanation to the insureds, medical provider and/or the Plaintiff, GIR.

38. Defendants failed to inform the insureds, the provider or GIR of their actions, including failure to provide necessary disclosures or documentation required under ERISA either to the insureds or the providers. Instead, Defendants provided conflicting, constantly changing information regarding the non-payment of the Claims and conducted selective review in their "peer review" investigations, for which Defendants never provided a "conclusion" or "resolution." During all of the claim(s) submission process, including the appeal procedures, the insured(s) and/or GIR submitted affirmative documentation to support reimbursement payment. In response, Defendants cherry-picked language from medical reports and/or provider notes; they took information out of context, ignored certain material information and/or applied rationales which were inconsistent with accepted health care practices, and/or failed to take into consideration all of the pertinent facts regarding the health and welfare of the patient. The Defendants conceived unsupported, incomplete, and incongruent bases for their denial and reason for non-payment. The end result of Defendants' conduct was a moving target with constantly changing rules and policies for the claims determination process in violation of ERISA's disclosure requirements.

39. Because of Defendants' failure to comply with the steps required under ERISA to pursue adverse benefit determinations, the coverage determinations are arbitrary and capricious, and are otherwise inconsistent with the plan documents, the certificates of coverage, SPDs; SOCs, and policies of insurance to the extent some of the plans are not governed by ERISA.

## COUNT I
## CLAIM FOR BENEFITS UNDER ERISA

40. The allegations contained in Paragraphs 1 through 39 above are re-alleged and incorporated by reference as if fully set forth herein.

41. UPS must pay benefits to UPS Insureds, or to their providers pursuant to assignments, that are insured, funded or administered by UPS pursuant to the terms of their UPS Plan (UPS Retired Employees' Health Care Plan).

42. UPS, via Value, jointly, separately or in combination thereof violated its legal obligations under ERISA each time UPS and/or Value, as a designated claims administrator, denied benefits through the practices detailed herein without complying with ERISA's requirements readdressing adverse benefit determinations, within the framework of a disclosed notification and appeals process.

43. Defendants' lack of disclosure to the UPS insureds and the provider referenced herein relating to adverse benefit determinations, as required under ERISA, violated its legal obligations.

44. Due to Defendants' failure to comply with ERISA in making the above-detailed adverse benefit determinations, they are estopped from making such findings, and precluded from denying coverage.

45. The Plaintiff seeks unpaid benefits including interest back to the date the claims were originally submitted to UPS and Value. Plaintiff also sues for declaratory and injunctive relief related to enforcement of plan terms, and to clarify their rights to future benefits. Plaintiff further request attorneys' fees, costs, prejudgment interest, and other appropriate relief against Defendants.

**WHEREFORE,** the Plaintiff, GIR requests that this Court enter judgment in their favor and against Defendants and declare that Defendants have breached the terms of their EOCs and SPDs, the Plan Documents and Certificates of Coverage, and award unpaid benefits to the Plaintiff; order Defendants to recalculate and issue unpaid benefits to Plaintiff that were unpaid or underpaid as a result of UPS actions (via Value), as detailed herein, with interest; award Plaintiff's disbursements and expenses of this action, including reasonable counsel fees as provided for in ERISA, 29 U.S.C. § 1132(g), in amounts to be determined by the Court; and grant such other and further relief as is just and proper.

## COUNT II
## FAILURE TO PROVIDE FULL AND FAIR REVIEW UNDER ERISA

46. The allegations contained in Paragraphs 1 through 39 above are re-alleged and incorporated by reference as if fully set forth herein.

47. Defendant, UPS functioned and continues to function as the "plan administrator" within the meaning of such term under ERISA, both directly and through its association with Value. As UPS's agent, Value also served as "Plan administrator" under ERISA based on its designation as a "claims administrator". Plaintiff and the UPS insureds were entitled to receive a "full and fair review" of all claims denied by Defendants, and entitled to assert a claim under 29 U.S.C. § 1132(a) (1) for failure to comply with these requirements.

48. Although Defendants were obligated to do so, they failed to provide a "full and fair review" of denied claims pursuant to 29 U.S.C. § 1133 (and the regulations promulgated thereunder) for Plaintiff and for the UPS insureds, by making claims denials that are not specifically excluded, inconsistent with or unauthorized by the terms of Members' EOCs and SPDs, certificates of coverage and other plan documents, as well as by failing to disclose their methodology and other critical information relating to such claims denials.

49. By engaging in the conduct described herein, including using improper, invalid and undisclosed policies relating to the specified health care services, withholding payments for properly submitted claims, and for affecting other systematic benefit reductions or non-payments without disclosure or authority under the plans and plan documents, Defendants failed to comply with ERISA and its regulations.

50. As a result, Defendants failed to provide a "full and fair review," failed to provide reasonable claims procedures, and failed to make necessary disclosures to their insured and the Plaintiff.

51. Appeals by the insured(s) and/or the Plaintiff (subsequent to the assignment and involvement in this matter as successors in interest and assignees of the insured(s)) should be deemed exhausted or excused by virtue, inter alia, of UPS and Value numerous procedural and substantive violations.

52. The failed appeals of the Plaintiff and/or the insured(s) as predecessors in interest show the futility of exhausting any further appeals to UPS (*if any further appeals are deemed required*). Exhaustion of internal appeals under ERISA should, therefore, be deemed to be futile or to have already been properly exhausted, should Defendants take a position to the contrary.

53. Plaintiff has been harmed by Defendants' failure to provide a "full and fair review" of appeals under 29 U.S.C. § 1133, and by their failure to disclose relevant information in violation of ERISA and/or denying the use of fair methods in making adverse benefit determinations. Plaintiff is also entitled to injunctive and declaratory relief to remedy Defendants' continuing violation of these provisions.

**WHEREFORE,** the Plaintiff, GIR requests that this Court enter judgment in their favor and against Defendants and declare that Defendants failed to provide a "full and fair review" to the Plaintiff under 29 U.S.C. § 1133, and award injunctive, declaratory and other equitable relief to ensure compliance with ERISA and its regulations; declare that Defendants violated their disclosure and related obligations under ERISA, for which Plaintiff is entitled to injunctive, declaratory and other equitable relief; award Plaintiff's disbursements and expenses of this action, including reasonable counsel fees, in amount to be determined by the Court; and grant such other and further relief as is just and proper.

**COUNT III**
**BREACH OF CONTRACT, VIOLATIONS OF**
**SECTION 627.6131, FLORIDA STATUTES**

54. The allegations contained in Paragraphs 1 through 39 above are re-alleged and incorporated by reference as if fully set forth herein.

55. The Plaintiff is not a direct party to the contract(s) between UPS, Value and their insureds. However, the Plaintiff GIR has standing as a result of the UPS Insureds' assignment of benefits detailed above.

56. To the extent that any provision of the UPS benefit plan is not subject to ERISA, the contract(s) between the UPS Insureds and the Defendants are subject to Florida statutory

regulation, which regulation becomes a part of the contracts. Thus, the provisions of Section 627.6131, Florida Statutes are part of and incorporated into the contracts between the UPS Insureds and the Defendants, in the situations where the Claims are not governed by ERISA.

57. UPS and Value have breached their contracts with the Insureds for failing to promptly, pay, deny or contest the Claims submitted by the insureds and/or the medical providers in violation of Section 627.6131, Florida Statutes.

58. The Plaintiff is entitled to payment for the Claims submitted in accordance with Section 627.6131, Florida Statutes.

59. The Plaintiff has been damaged by the Defendants' breach of contract described above.

60. The Plaintiff is entitled to recover attorneys' fees pursuant to Section 627.428, Florida Statutes or alternatively pursuant to the provisions of the contracts between the UPS Insureds (to whom the providers have provided services) and UPS and/or Value.

**WHEREFORE,** the Plaintiff, GIR requests that this Court enter judgment in their favor and against Defendants for damages, pre and post judgment interest, statutory interest, costs, attorneys' fees and any such other relief as this Court deems appropriate.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 11, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served to UNITED PARCEL SERVICES, INC., a foreign corporation; and to VALUEOPTIONS, INC. a foreign corporation by serving their registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

***/S/ Robert N. Pelier, Esq.***

Robert N. Pelier, Esquire
Florida Bar Number: 0998834
4649 Ponce De Leon Blvd., Suite 301
Coral Gables, FL 33146
Tel: (305) 273-5566
Fax: (305) 662-2150
Primary Service E-Mail:
Robert.pelier@gablesinsrec.com
Secondary Service E-Mail:
certmail@gablesinsrec.com