UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20509-CIV-MARTINEZ/GOODMAN

GABLES INSURANCE RECOVERY INC.,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS CONCERNING DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS

Defendant United Parcel Service, Inc. ("UPS") filed a Motion for Attorney's Fees and Costs ("Motion"). [ECF Nos. 29; 30; 32]. Plaintiff Gables Insurance Recovery, Inc. ("Plaintiff") filed an opposition response [ECF No. 36] and UPS filed a reply [ECF No. 37]. United States District Judge Jose E. Martinez referred the Motion to the Undersigned. [ECF No. 31]. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** the motion and **award** attorney's fees and costs in the amount of $16,284.00, plus any additional reasonable fees incurred in preparing the Motion and the reply.

UPS contends that it prevailed when Plaintiff voluntarily dismissed its action after UPS filed its motion to dismiss and before Plaintiff filed an opposition response. UPS contends that, as a result of the Court's Order of dismissal, the Court should award

1

it reasonable fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") because UPS fully satisfies the five-factor test set forth by the Eleventh Circuit Court of Appeals that courts consider when determining whether to award attorney's fees.

Plaintiff opposes the Motion and argues that there is no legal or factual basis on which to award fees and costs. Plaintiff contends that 29 U.S.C. § 1132(g) does not apply because UPS argued in its motion to dismiss that Plaintiff lacked *any* standing to sue UPS based on the ERISA plan based on the anti-assignment provision contained in the plan and, therefore, cannot *now* rely on an ERISA statute to recover fees. Alternatively, Plaintiff contends that, even if § 1132(g) did apply, "there are insufficient facts to show 'bad faith' by [Plaintiff] in these proceedings." [ECF No. 36, pp. 5-6].

The applicable statute, § 1132(g), itself does not require that a party moving for fees be the prevailing party. Instead, it gives the court discretion to allow reasonable attorney's fees and costs to either party. 29 U.S.C. § 1132(g)(1). However, as the United States Supreme Court explained, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (citing *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694 (1983)); *see also Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010).

As later explained by the Second Circuit in *Donachie v. Liberty Life Assurance Company of Boston*, the issue of whether a party has obtained some degree of success on the merits is the **sole** factor that a Court *must* consider in exercising its discretion. 745 F.3d 41, 46 (2d Cir. 2014) (emphasis supplied). Once this threshold is cleared, a court has discretion to consider the other five additional factors adopted by most circuits. *Id.*

Accordingly, the Undersigned must first determine whether UPS obtained some degree of success on the merits by virtue of the voluntary dismissal which occurred after UPS filed its motion to dismiss that discussed the contractual prohibition against assignments.

Circuit courts have applied the catalyst theory of recovery to statutes lacking prevailing-party requirements, and some have specifically applied it under the ERISA statute. *See Templin v. Indep. Blue Cross*, 785 F.3d 861, 865 (3d Cir. 2015) (citing to *Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 154-55 (2d Cir. 2013); *Loggerhead Turtle v. Cty Council of Volusia Cty., Fla.*, 307 F.3d 1318, 1325 (11th Cir. 2002)). As outlined in *Templin*, the catalyst theory of recovery does not require judicial activity to cause the success. *Templin*, 785 F.3d at 866. Instead, all that is necessary is that "*litigation* activity" cause a party to obtain relief. *Id.*

Here, UPS' motion to dismiss is the litigation activity that caused Plaintiff to drop its lawsuit. The motion to dismiss pressured Plaintiff to change its position and

not pursue the claim. The Court was not required to substantively grant the motion to dismiss for UPS to clear the first required hurdle of obtaining some degree of success.

Because the first mandatory factor has been resolved in UPS' favor, the Undersigned will proceed to the optional factors. As UPS correctly notes in its reply, Plaintiff challenges only one of the five factors -- the "bad faith" factor. Nevertheless, the Undersigned will consider all five factors. Those factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Cross v. Quality Mgmt. Grp., LLC*, 791 F. App'x 53, 55 (11th Cir. 2012) (quoting *Hardt*, 560 U.S. at 249 n. 1).

Concerning the first factor addressing culpability or bad faith, Plaintiff is culpable as it proceeded with the lawsuit even though UPS advised it of the anti-assignment provision and the applicable law that would prevent the claims from proceeding. But UPS was forced to file a motion to dismiss, which ultimately caused Plaintiff to voluntary dismiss the case before filing a response.

Regarding the second factor (Plaintiff's ability to satisfy a fees award), Plaintiff openly advises the public through its website that it is a company that has recovered

4

"millions of dollars for their clients." *See* GIR GABLES INSURANCE RECOVERY, https://www.girmedicalcaims.com (last visited Jan. 4, 2017).

Concerning the third factor (deterrence), the Undersigned finds that fees would deter others from unnecessarily proceeding with a lawsuit when the party is aware of an applicable anti-assignment provision. The deterrence of these types of claims, as discussed by UPS, could lead to reduced administrative expenses for benefit plans by virtue of the plan not needing to fund a defense against this type of litigation.

Moving on to the fourth factor, this decrease in expenses for benefit plans, as UPS suggests, could ultimately result in less-costly plans, which would benefit participants and beneficiaries. The Undersigned finds that this sufficiently satisfies factor four.

Finally, for the fifth factor, which concerns the relative merits of the parties' positions, Plaintiff's dismissal of the case after UPS filed its motion to dismiss (which highlighted the contractual prohibition against assignments), but before it filed an opposition response, suggests a lack of merits for Plaintiff's position.

Accordingly, the Undersigned finds that UPS has obtained "some degree of success on the merits" and has met the five factors. The Undersigned therefore **respectfully recommends** that the District Court **grant** the Motion.

Concerning the amount of fees and costs, the Undersigned notes that Plaintiff did not dispute the reasonableness of the rates sought or the work performed by UPS.

The hourly amount and the legal services are reasonable, particularly because, as UPS notes in its Motion, the request concerns "only the fees directly related to the initial investigation into the defense of the action, the anti-assignment issue and the Motion filed regarding that issue, as well as any fees it expend[ed] in relation to this motion." [ECF No. 30, p. 5 n. 5]. UPS does not seek fees related to exploring other defenses and contingencies.

Accordingly, the Undersigned **respectfully recommends** that the District Court award the full amount of requested fees -- $16,284.00. Further, if the District Court were to adopt the report and recommendations, then the Undersigned further recommends that the District Court permit UPS to supplement its fee request to include the time incurred in preparing the fees motion and the reply.

**OBJECTIONS**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Jose E. Martinez. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1);

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on January 5, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record